UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW
YORK

----------------------------------------

PETRA CHRISTINA BETER,

               Plaintiff,

    -against-

DUANE BAUGHMAN, EDWARD SKYLER,
*and* DOUGLAS SCHOEN
                 Defendants.

----------------------------------------

Dated: July 22, 2024
   New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

Case No. 1:24-cv-00079-GHW(RFT)

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, Plaintiff Petra Christina Beter ("Plaintiff") and Defendant Duane Baughman ("Defendant"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Plaintiff and Defendant (each a "Party", and, collectively, the "Parties") in connection with the pre-trial phase of this action (the "Order"):

1.      Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution,

the challenging Party may seek resolution by the Court. Nothing in this Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.   The requesting Party and counsel, including in-house counsel;

b.   Employees of such counsel assigned to and necessary to assist in the litigation;

c.   Consultants or experts assisting in the prosecution or defense of the matter, and any employees of such consultants or experts assisting in the same, to the extent deemed necessary by counsel;

d.   The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

e.   Any person the Parties agree, in writing, may receive Confidential Information.

The Parties will meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.      Prior to disclosing or displaying the Confidential Information to any person described in Section 4(c) and (e) above, counsel must:

a.   Inform the person of the confidential nature of the information or documents;

b.   Inform the person that this Court has enjoined the use of the information or

documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Order.

7. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.    Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the Parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10.    Further to Section 8, *supra*, nothing in this Order shall require the production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or other privilege doctrine, right or immunity.

a.    If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is inadvertently or unintentionally produced ("Inadvertently Produced Materials"), such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity.

b.    In the event of Inadvertently Produced Materials, the producing Party may obtain the return of such by notifying the receiving Party promptly after the discovery of the inadvertent or unintentional production and providing a privilege log for the Inadvertently Produced Materials.

c.    The receiving Party shall (i) refrain from any further examination or disclosure of the Inadvertently Produced Materials, (ii) if requested, promptly make a good-faith effort to return the Inadvertently Produced Materials and all copies thereof (including summaries and excerpts) to counsel for the producing Party, or destroy all such Inadvertently Produced Materials and all copies thereof (including summaries and excerpts) and certify, in writing, to the fact, and (iii) not use the Inadvertently Produced Materials for any purpose absent order of the Court.

d.  Notwithstanding this provision, no person is required to delete information that may reside on the person's electronic back-up systems that are overwritten in the normal course of business, provided that such back-ups are not used to access of copy the Inadvertently Produced Materials.

e.  Nothing herein shall preclude a Party from moving for an order compelling production of the Inadvertently Produced Materials or requesting the Court review such Inadvertently Produced Materials *in camera* to determine whether such materials are subject to a claim of attorney-client privilege, work-product immunity, or any other applicable doctrine, privilege, or immunity.

11.  At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or, upon permission of the producing Party, destroyed.

12.  Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated: July 19, 2024
        New York, NY

_/s/ Ian M. Bryson, Esquire_

Ian M. Bryson
DEREK SMITH LAW GROUP,
PLLC
One Penn Plaza, Suite 4905
New York, NY 10119
(t): (267) 857-0849
Email: ian@dereksmithlaw.com

*Counsel for Plaintiff*

Jessica N. Meyers
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
(t): (212) 209-4938
Email: jmeyers@brownrudnick.com

*Counsel for Defendants*