**DEREK SMITH LAW GROUP, PLLC**
Sexual Harassment and Discrimination Lawyers

New York | Los Angeles | Philadelphia | Miami | New Jersey

August 2, 2024

**Via ECF**
Hon. Robyn F. Tarnofsky
United States Courthouse
500 Pearl Street
New York, NY 10007
TarnofskyNYSDChambers@nysd.uscourts.gov

> This action is scheduled for a status conference to discuss the discovery issues raised by Plaintiff on August 2, 2024. (*See* ECF 66.) The status conference is scheduled for **Thursday, August 8, 2024, at 10:00 AM**. Counsel for the parties are directed to join the conference at the scheduled time by dialing **(646) 453-4442, Access Code: 326 485 223#.**
>
> Date: 8/05/2024
> New York, NY
>
> SO ORDERED
>
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

    Re:    **Beter v. Baughman, et al.**
                **1:24-cv-00079-GHW-RFT**

Dear Judge Tarnofsky:

I represent Plaintiff Petra Christina Beter ("Plaintiff"). I write to respectfully request a pre-motion conference to address Defendant Duane Baughman's ("Defendant") various discovery deficiencies, which he has not cured despite good faith meet and confers among counsel.

## I. Relevant Procedural History

On June 14, 2024, Plaintiff served her First and Second Sets of Requests for Production of Documents and First Set of Interrogatories to Defendant. On July 19, 2024, Defendant served his answers and objections to Plaintiff's discovery demands. (See Exhibits A, B and C.) On July 22, 2024, the Court entered the parties' confidentiality stipulation and protective order. (See ECF No. 65.) Defendant's responses include a laundry list of "general objections" and boilerplate objections; whereas Plaintiff did not assert any general objections to Defendant's requests. The same day, Defendant produced 26 documents, consisting largely of Plaintiff's *own* documents and materials reproduced and marked "confidential." On July 24, 2024, I sent Defendant's counsel a letter explaining the deficiencies in Defendant's written discovery responses and document production. (See Exhibit D.) On July 29, 2024, the parties attended a telephonic meet and confer regarding the issues raised in Plaintiff's July 24, 2024 letter. While some of the issues were resolved, many others remain unresolved due entirely to Defendant's inexcusable failure to abide by his discovery obligations. Defendant's pending discovery deficiencies are addressed below.

## II. Deficiencies

    **A.    Defendant's Deficient Answers to Plaintiff's First Set of Requests for Production of Documents (See Exhibit A)**

Plaintiff's Request No. 1 seeks production of documents and communications exchanged between Defendant and any person identified in Section I of Defendant's Initial Disclosures concerning Ms. Beter or this action. Defendant identified the following individuals in his Initial

Disclosures: Edward Skyler, Douglas Schoen, Michael Bloomberg, Patty Harris, Kevin Sheeky, William Knapp, William Cunningham, Neal Brickman, Maria Peevy, Jonathan Capehart, Allen Fong, Andy San Diego, Mark Ferguson, Michael Berland, Thomas Baughman, Richard Goldberg, Kevin Geary, Tom Goldman, Thomas Shroyer, William Skolnick, Roger J. Stone, Jr., William Hughes, Richard Roth, Josee Beter, and U.S. Attorneys Office Manhattan. (See Exhibit E: Defendant's Initial Disclosures.) In response to this request, Defendant represented that he would produce such documents within a reasonable time frame; however, no communications between Defendant and these individuals concerning Plaintiff have been produced. Moreover, Defendant has failed to state whether any documents are being withheld on the basis of some objection. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). These documents are relevant and the request is tailored to the scope of the case pursuant to Fed. R. Civ. P. 1 and 26.

Plaintiff's Request No. 2 seeks production of documents and communications concerning individuals identified in Section II of Defendant's Initial Disclosures. In Defendant's Initial Disclosures, he represents that he has "Documents concerning Mr. Baughman's dispute with [Roger] Stone that precipitated Plaintiff's claims concerning the Alleged Assault." (See Exhibit E.) In response to this request, Defendant also represented that he would produce these documents within a reasonable time frame; however, no documents concerning Mr. Stone have been produced. By Defendant's own admission in his Initial Disclosures, these documents are relevant and tailored to the needs of the case pursuant to the Federal Rules of Civil Procedure (the "Rules").

Plaintiff's Request No. 6 seeks production of documents and communications concerning Plaintiff. Similarly, Requests 1, 4, 5, 11, 37, 43, 46, 48, 49, 50, 51, 52, and 61 seek communications between Defendant and others about Plaintiff. Communications between Defendant and others regarding Plaintiff are relevant and within the scope of discovery under Rules 1 and 26.  Notwithstanding that Defendant represented he would produce such documents within a reasonable time frame, he has not done so to date. Defendant has also failed to state whether any documents are being withheld on the basis of some objection. Fed. R. Civ. P. 34(b)(2)(C).  If Defendant is withholding these or any other requested documents on the basis of one or more objections, he needs to clarify that and produce a privilege log to the extent he is invoking any privileges.

Plaintiff's Requests 9, 11, 15, 20, and 21 seek production of documents supporting Defendant's own alleged defenses. Defendant has not produced any of these documents either.

Plaintiff's Requests 18 and 19 seek production of Defendant's tax returns and financial information. These documents are relevant because Plaintiff is making a claim for punitive damages. "In determining the amount and effectiveness of exemplary damages to be awarded against a defendant, the court may take into consideration the defendant's wealth or net worth." Whitney v. Citibank, N.A., 782 F.2d 1106, 1119 (2d Cir.1986); see also Tillery v. Lynn, 607 F.Supp. 399, 402 (S.D.N.Y.1985), ("[i]t would be unduly burdensome to plaintiff, and most particularly a jury and the court, to delay resolution of the issue as to the amount of punitive damages, if any, which should be awarded until discovery as to defendant's personal assets had been completed."  Defendant has not produced any of these documents.

B. **Defendant's Answers to Plaintiff's Second Set of Requests for Production of Documents (See Exhibit B)**

Plaintiff's Requests 1, 2, 4, 5, 6, 30, 31, 32 and 33 in her Second Set of Requests seek production of various documents and communications concerning Plaintiff (e.g., affidavits by Defendant regarding Plaintiff, communications with any individual to locate Plaintiff or her whereabouts, communications with Katie Merrill regarding Plaintiff, communications with the Bloomberg Campaign regarding Plaintiff, communications with Josh Margolin regarding Plaintiff, communications with Maggie Haberman regarding Plaintiff, communications with the media about Plaintiff, etc.) (see Exhibit B.) In response to these requests, Defendant represented that he would produce responsive documents within a reasonable time frame. Defendant has neither produced these materials nor confirmed that he is withholding any such materials.

Requests 6, 8, 9, 10, 16 and 20 seek production of documents placing Defendant at the time and place of his assault of Plaintiff. In response to most of these requests, Defendant represented that he would produce documents within a reasonable time frame. As with other requests, Defendant has neither produced any such materials or confirmed that he is withholding them from production based on any objections.

No depositions, including Defendant's scheduled for August 19, 2024, can occur without Defendant's responses to Plaintiff's discovery demands. Thank you for your time and consideration.

                                                        Respectfully submitted,

                                                        */s/ Ian M. Bryson, Esquire*
                                                        IAN M. BRYSON, ESQUIRE
                                                       *Attorneys for Plaintiff*

Cc: all counsel via eCourts
Enc.