```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
:
PETRA CHRISTINA BETER,                                           :
                                                                 :
                                        Plaintiff,               :    1:24-cv-00079-GHW-RFT
                                                                 :
                        -v-                                      :    ORDER
                                                                 :
DUANE BAUGHMAN,                                                  :
                                                                 :
                                        Defendant.               :
                                                                 :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On September 5, 2024, Magistrate Judge Robyn F. Tarnofsky issued a Report and Recommendation recommending that the Court grant in part and deny in part Defendants' motion to dismiss. Dkt. No. 92 (the "R&R").

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). The Court reviews for clear error those parts of a report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

No objection to the R&R was submitted within the fourteen-day window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts the R&R in its entirety.

In this Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020) ("[L]eave to amend should be freely given unless there is 'any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182–83 (1962))). Additionally, this Circuit has made it clear that "[a] plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA*, 785 F.3d at 505. "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).

The R&R correctly concludes that pursuant to the Adult Survivors Act ("ASA"), none of Plaintiff's claims can be dismissed as time barred. However, the R&R correctly concludes that Plaintiff's claims for Negligent Infliction of Emotional Distress ("NIED") and for employment discrimination and retaliation should be dismissed for failure to state a claim. Additionally, the Court adopts the R&R's recommendation that the claims of NIED, discrimination, and retaliation be dismissed with prejudice given that Plaintiff has failed to address known deficiencies in these claims and that further amendment would be futile. The Court further accepts and adopts the R&R's recommendation that Defendant's motion to dismiss Plaintiff's claim of Intentional

2

Infliction of Emotional Distress ("IIED") and Plaintiff's claim under the Gender Motivated Violence Protection Law ("GMVPL") be denied.

For the reasons articulated in the R&R, Defendants' motion to dismiss the Amended Complaint, Dkt No. 58, is GRANTED IN PART and DENIED IN PART. Plaintiff's NIED claim is dismissed with prejudice. Plaintiff's discrimination and retaliation claims under the NYSHRL and NYCHRL are dismissed with prejudice. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 58.

SO ORDERED.

Dated: September 20, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge