# THE CLANCY LAW FIRM, P.C.

**40 Wall Street, 61st Floor**
**New York, New York 10005**
**212-747-1744**

April 7, 2025

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court for the Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

    Re:    *Beter v. Baughman,* No. 1:24-cv-00079-GHW-RFT

Dear Judge Tarnofsky:

We represent the Plaintiff Petra Beter in the Adult Survivor's Act ("ASA") action against Defendant Duane Baughman for alleged sexual assault. Pursuant to Your Honor's Individual Rules, § I(D), III(E), and Paragraph 9 of the Confidentiality Agreement and Protective Order (Dkt. 65) ("Protective Order"), Plaintiff submits this letter-motion to respectfully request an Order sealing certain confidential exhibits submitted in support of Plaintiff's pre-motion conference letter to renew her application for a protective order under Fed. R. Civ. P. 26(c).[1] A copy of the application is attached hereto as **Exhibit A**.

In support of her pre-motion conference letter, Plaintiff seeks to file the following exhibits under seal (attached as **Exhibit B**) which have been designated Confidential by at least one party under the Protective Order: (i) excerpts from Defendant Mr. Baughman's deposition transcripts in the Defamation action; (ii) excerpts from a non-party's deposition transcripts in the Defamation action; and (iii) emails produced by Mr. Baughman during discovery in this action and the Defamation action.[2] In accordance with Your Honor's Indiviudal Rules, § III(E), on April 7, 2025, the parties have met and conferred regarding the sealing of these documents and consent to the sealing to protect privacy concerns and confidentiality obligations.[3]

Prevailing Second Circuit law—including *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016) and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), supports the filing of these materials under seal during the discovery phase, as designated confidential by the Defendant under the Protective Order, and because "documents 'such as those passed between the parties in discovery' often play 'no role in the performance of

---

[1] Plaintiff is seeking an order of protection prohibiting Mr. Baughman from attending in person Plaintiff's deposition, permitting Plaintiff's deposition to be held remotely, or alternatively, at Plaintiff's attorney's New York City office, and other relief.

[2] Plaintiff's pre-motion conference letter also refers to an email produced by Defendant Baughman during discovery in this action, designated Confidential by the Defendant (the "Deposition Ploy" email), which was previously filed publicly on the docket by Plaintiff's prior counsel, Ian Bryson, in support of Plaintiff's application for protective order. (*See* Dkt. 75).

[3] Donna Clancy, Molly DiRago, BennettJ. Moskowitz, attorneys for Ms. Beter and Maria Bianco and Milo Silberstein, attorneys for Mr. Baughman met and conferred on April 7, 2025.

Article III functions' and so the presumption of access to these records is low." *Bernstein*, 814 F.3d at 142 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). *See also Strauss v. Credit Lyonnais, S.A.*, 2011 U.S. Dist. LEXIS 122694, 2011 WL 4736359, at *3 (E.D.N.Y. Oct. 6, 2011) ("materials obtained in discovery 'are not public components of a civil trial [and] were not open to the public at common law'" and "'restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information'") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)); *In re Keurig Green Mountain SingleServe Coffee Antitrust Litig.*, 2021 U.S. Dist. LEXIS 29592, 2021 WL 621222, at *6 (S.D.N.Y. Feb. 16, 2021) (granting motions to seal documents related to discovery dispute "in order to protect any materials that may be privileged"); *Lugosch*, 435 F.3d at 119 ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access") (citation omitted).

For these reasons, the parties respectfully request that the Court grant the request to seal the exhibits submitted in support of Plaintiff's pre-motion conference letter renewing her application for a protective order.

Respectfully submitted,

*Donna H. Clancy*
Donna H. Clancy, Esq.

To: All Counsel of Record (via ECF)

> Plaintiff's application to seal certain confidential exhibits is GRANTED. The clerk of court is respectfully requested to grant ECF 170 and seal ECF 171, Exhibit A, and Exhibit B with access to the parties and court personnel.
>
> Date: 4/8/2025
> New York, NY
>
> SO ORDERED
> *[signature]*
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE