# THE CLANCY LAW FIRM, P.C.

40 Wall Street, 25th Floor
New York, New York 10005
(212) 747-1744

July 21, 2025

**VIA ECF**
The Honorable Robyn F. Tarnofsky
United States District Court for the Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

    Re:    *Beter v. Baughman,* No. 1:24-cv-00079-GHW-RFT

Dear Judge Tarnofsky:

We represent the Plaintiff Petra Beter in this Adult Survivor's Act ("ASA"). Pursuant to Your Honor's Individual Rules, § I(D), III(E), and Paragraph 9 of the Confidentiality Agreement and Protective Order (Dkt. 65) ("Protective Order"), Plaintiff submits this letter-motion to respectfully request an Order sealing a confidential exhibit submitted in support of Plaintiff's request for a pre-motion conference regarding outstanding discovery subpoenaed from Bloomberg-Parties and related certification of Bloomberg-Parties' document searches. (ECF 221).

As set forth in Plaintiff's application, Plaintiff cites to specific evidence challenging Bloomberg's assertions that no additional responsive documents exist, including, but not limited, to Bloomberg's own documents produced reflecting a Bloomberg archival database (which is where Bloomberg was able to locate Mr. Bloomberg's calendar), and is thus entitled to a certification "explain[ing] specifically what efforts were undertaken to find relevant documents and why relevant documents do not exist, if in fact, that is the case." *Dunne v Coan (In re Dunne)*, 2018 US Dist LEXIS 166192, at *11 (D Conn Sep. 27, 2018, No. 3:17-cv-1399 (MPS) (citing *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016)). (ECF 221). Plaintiff seeks to submit this document under seal in support of her application.

Prevailing Second Circuit law—including *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016) and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), supports the filing of these materials under seal during the discovery phase, as designated confidential under the Protective Order, and because "documents 'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low." *Bernstein*, 814 F.3d at 142 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). *See also Strauss v. Credit Lyonnais, S.A.*, 2011 U.S. Dist. LEXIS 122694, 2011 WL 4736359, at *3 (E.D.N.Y. Oct. 6, 2011) ("materials obtained in discovery 'are not public components of a civil trial [and] were not open to the public at common law'" and "'restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information'") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)); *In re Keurig Green Mountain*

1

*SingleServe Coffee Antitrust Litig.*, 2021 U.S. Dist. LEXIS 29592, 2021 WL 621222, at *6 (S.D.N.Y. Feb. 16, 2021) (granting motions to seal documents related to discovery dispute "in order to protect any materials that may be privileged"); *Lugosch*, 435 F.3d at 119 ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access") (citation omitted).

For these reasons, Plaintiff respectfully requests the Court seal this exhibit.

Respectfully submitted,

*Donna H. Clancy*
Donna H. Clancy, Esq.

To: All Counsel of Record (via ECF)

**Beter's application to file documents under seal (ECF 223) is GRANTED. The discovery materials she seeks to seal may be sealed during the discovery phase of this litigation, because documents "'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 142 (2d Cir. 2016) (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)).**

**The Clerk of Court is respectfully requested to terminate ECF 223 and to seal the documents at ECF 224 with access to case participants and court staff.**

**Date: July 22, 2025
New York, NY**

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

2