USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 10/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
PETRA CHRISTINA BETER, :
:
Plaintiff, :
:
-v - :
:
DUANE BAUGHMAN, *et al.*, :
:
Defendants. :
--------------------------------------------------------------- X
---------------------------------------------------------------X
DUANE BAUGHMAN, *et al.*, :
:
Plaintiffs, :
:
-v - :
:
PETRA CHRISTINA BETER., :
:
Defendant. :
---------------------------------------------------------------X

1:24-cv-79-GHW-RFT

1:24-cv-8530-GHW-RFT

ORDER

GREGORY H. WOODS, United States District Judge:

On September 21, 2026, Ms. Beter filed a motion to seal, Dkt. No. 270, requesting to file under seal portions of her reply, Dkt. No. 268, and certain supporting exhibits, Dkt. Nos. 269-1, 269-6, 269-7. Because Ms. Beter has not provided a sufficient factual basis for the Court to grant the motion to seal, the motion is denied without prejudice to renewal.

There is a long-established "presumption of immediate public access to judicial documents under both the common law and the First Amendment." *Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch,* 435 F.3d at 119 (quotation omitted). A "document filed with the court is a judicial document if it would reasonably have the *tendency* to influence a district court's ruling . . . without

regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025) (emphasis in original). Overcoming the presumption of public access "requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." *Newsday LLC v. Cty. Of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013).

Ms. Beter has not provided the Court with a sufficient basis to overcome the presumption of public access. Ms. Beter relies on the fact that the documents contain "sensitive, non-public information that has been designated Confidential by one or more parties and non-parties pursuant to the Confidentiality Stipulation and Protective Order entered in this matter." Dkt. No. 270 (citing Dkt. No. 65). The Confidentiality Stipulation and Protective Order provides that "[n]ot withstanding the designation of information as 'CONFIDENTIAL' in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the Parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions." Dkt. No. 65 ¶ 9. Rule 4(A)(ii) of the Court's Individual Rules of Practice in Civil Cases reminds parties that: "[i]n general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents." *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

Should Ms. Beter seek to renew her motion to seal, such a motion must be filed no later than one week following the entry of this order. If Ms. Beter does not renew her motion, she must file unredacted copies of her reply and the relevant exhibits. The deadline to do so is also one week following the entry of this order.

Accordingly, Ms. Beter's motion to seal is DENIED without prejudice. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 270.

SO ORDERED.

Dated: October 30, 2026
New York, New York

GREGORY H. WOODS
United States District Judge