USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 11/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRA CHRISTINA BETER, Plaintiff, -v - DUANE BAUGHMAN, *et al.*, Defendants. | 1:24-cv-79-GHW-RFT |
| DUANE BAUGHMAN, *et al.*, Plaintiffs, -v - PETRA CHRISTINA BETER., Defendant. | 1:24-cv-8530-GHW-RFT |

ORDER

GREGORY H. WOODS, United States District Judge:

On November 17, 2026, Ms. Beter filed a motion to seal, Dkt. No. 336, requesting to file under seal portions of non-party Gail Powell's declaration regarding her unavailability for trial.[1] Because Ms. Beter has not provided a sufficient factual basis for the Court to grant the motion to seal, the motion is denied without prejudice to renewal.

There is a long-established "presumption of immediate public access to judicial documents under both the common law and the First Amendment." *Lohnn v. Int'l Bus. Machs. Corp.*, No. 21-CV-6379 (LJL), 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)). Overcoming the presumption of public access "requires a court

[1] Ms. Beter's motion does not comply with the Court's Individual Rules of Practice in Civil Cases. Rule (4)(ii) requires a party seeking approval to redact information from a document to "(a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the redactions highlighted. Both documents must be electronically filed through ECF system and related to the motion." As of the date of this order, Ms. Beter has not publicly filed Ms. Powell's declaration with the proposed redactions.

to make specific, rigorous findings before sealing the document or otherwise denying public access." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013).

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). A "document filed with the court is a judicial document if it would reasonably have the *tendency* to influence a district court's ruling . . . without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025) (emphasis in original). Second, if the material is a "judicial document," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Mirlis*, 952 F.3d at 59 (quoting *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is denied. Ms. Powell's declaration is a judicial document. The weight of the presumption is high because the information contained in the proposed redactions was significant for the Court in considering whether Ms. Powell was unavailable to testify at trial. *See* Trial Tr. 1470:3–10 ("Ms. Powell does not identify any illness or infirmity, much less one that prevents her from attending or testifying. . . . Scheduled medical

appointments, without more, are not evidence of an incapacitating condition."). Finally, neither Ms. Beter nor Ms. Powell has identified factors that legitimately counsel against disclosure of the proposed redactions.[2] On the face of the declaration, the Court cannot conclude that the proposed redactions concern Ms. Powell's sensitive or private medical treatment information. The paragraph Ms. Beter seeks to redact discloses only that Ms. Powell has an unidentified health condition and that she had upcoming appointments with common specialists. Dkt. No. 337 ¶ 8. Absent an explanation as to why this information is sensitive, the Court cannot make the "specific, rigorous findings" required to conclude the information is sufficiently sensitive as to warrant sealing from public view. *Newsday LLC*, 730 F.3d at 167 n.15.

Accordingly, Ms. Beter's motion to seal is DENIED without prejudice. Should Ms. Beter seek to renew her motion to seal, such a motion must be filed no later than one week following the entry of this order. If Ms. Beter does not renew her motion, she must file an unredacted copy of Ms. Powell's declaration. The deadline to do so is also one week following the entry of this order.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 336.

SO ORDERED.

Dated: November 23, 2026
New York, New York

GREGORY H. WOODS
United States District Judge

[2] The Court understands that Ms. Beter advised Ms. Powell to submit a letter by November 20, 2026, explaining why the proposed redactions to her declaration are necessary. Dkt. No. 336 at 1. As of the date of this order, the Court has received no such letter.